## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BRANDON KERVIN, ET AL.,**<br>    **Plaintiffs** | **CIVIL ACTION** |
| **VERSUS** | **NO.  15-1172** |
| **SUPREME SERVICE & SPECIALTY**<br>**COMPANY, INC.,**<br>    **Defendant** | **SECTION: "E" (4)** |

## <u>ORDER AND REASONS</u>

Before the Court is the parties' Joint Motion to Approve Settlement.[1] For the reasons below, the motion is **GRANTED**.

## BACKGROUND

Plaintiff Brandon Kervin filed this collective action, individually and on behalf of all others similarly situated, on February 27, 2015. Plaintiffs allege that Defendant Supreme Service & Specialty Company, Inc. ("Defendant") violated the Fair Labor Standards Act of 1938[2] because Defendant failed to pay Plaintiffs overtime wages for all hours worked in excess of 40 hours per week.[3]

The Court approved the parties' consent motion to certify the collective class on August 25, 2015,[4] and 169 individuals joined the lawsuit by the Court's deadline.[5] Eighteen plaintiffs were later voluntarily dismissed by agreement.[6] Two individuals who were inadvertently left off the notice list were allowed to participate in the case and included in settlement negotiations.[7]

---

[1] R. Doc. 133.
[2] 29 U.S.C. § 201, et seq.
[3] R. Doc. 1 ¶ 1.2.
[4] R. Doc. 74.
[5] *See* R. Doc. 133-1 at 1.
[6] R. Docs. 105, 118, 119.
[7] R. Doc. 130, 131.

On June 6, 2016, the parties reached a settlement agreement in a settlement conference before the magistrate judge.[8] The parties' settlement resolves the claims of all but one of the plaintiffs.[9] The parties agreed to voluntarily dismiss Plaintiff Jarae Parker's claims without prejudice and resolve his claims in another action pending in another section of this Court.[10] On June 13, 2016, the parties jointly moved to approve the proposed settlement agreement and dismiss this matter with prejudice.[11]

## STANDARD OF LAW

The Court "must approve any settlement reached by the parties which resolves the claims in this action brought under [29 U.S.C. § 216(b)]."[12]   "In order to approve a settlement proposed by an employer and employees of a suit brought under the FLSA and enter a stipulated judgment, a court must determine that the settlement is a fair and reasonable resolution of a bona fide dispute over FLSA provisions."[13]   The Court must scrutinize the proposed settlement agreement to verify that parties are not circumventing the "clear FLSA requirements" by entering into a settlement agreement.[14]   When deciding whether to approve a proposed settlement, the Court must assess whether the proposed settlement is both (1) the product of a bona fide dispute over the FLSA's provisions and (2) fair and reasonable.[15]

---

[8] R. Doc. 133
[9] *See* R. Doc. 133-1 at 4.
[10] *See Gomez, et al v. Supreme Service & Specialty Co., Inc.,* No. 2:15-cv-05264. Accordingly, the parties' joint motion to dismiss Plaintiff Jarae Parker without prejudice is **GRANTED**. R. Doc. 134. The claims of Plaintiff Jarae Parker are **DISMISSED WITHOUT PREJUDICE**.
[11] R. Doc. 133.
[12] *Collins v. Sanderson Farms, Inc.,* 568 F. Supp. 2d 714, 717 (E.D. La. 2008).
[13] *Id.* at 719.
[14] *See id.*
[15] *Domingue v. Sun Electric & Instrumentation, Inc.,* No. 09-682, 2010 WL 1688793, at *1 (E.D. La Apr. 26, 2010).

## ANALYSIS

I.  Is the Settlement the Product of a Bona Fide Dispute?

When deciding whether a bona fide dispute exists, the Court considers whether there is a "genuine dispute as to the Defendant's liability under the FLSA,"[16] as "[w]ithout a bona fide dispute, no settlement could be fair and reasonable."[17]  This is particularly true in an "FLSA [action because its provisions] are mandatory, and not subject to negotiation and bargaining between employers and employees."[18]

The Court finds that a bona fide dispute exists between Plaintiffs and Defendant with regard to whether Defendant violated the FLSA. The parties contested both the hours worked and compensation due. Plaintiffs prosecuted the case through written discovery and a corporate deposition of Supreme Service's former chief operations officer.[19] Supreme Service, meanwhile, submitted its own written discovery to Plaintiffs, took four depositions (and had about five more planned at the time of settlement), and reviewed thousands of pages of records to support its affirmative defenses and its position concerning potential damages.[20] Supreme Service also had filed a motion for summary judgment.[21] Additionally, a five-day jury trial is set to begin September 19, 2016.[22] The Court finds this sufficient to conclude that in this case there was "both aggressive prosecution and strenuous defense" to prove a bona fide dispute.[23]

---

[16] *Allen v. Entergy Operations, Inc.*, No. 11-1571, 2016 WL 614687, at *1 (E.D. La. Feb. 11, 2016).
[17] *Collins*, 568 F. Supp. 2d at 719.
[18] *Allen*, 2016 WL 614687, at *1.
[19] R. Doc. 133 at 12.
[20] R. Doc. 133 at 12-13.
[21] R. Doc. 128.
[22] R. Doc.
[23] *See Atkins v. Worley Catastrophe Response, LLC*, No. 12-2401, 2014 WL 1456382, at *2 (E.D. La. Apr. 14, 2014).

## II.   Is the Settlement Fair and Reasonable?

In determining whether a negotiation is fair and reasonable under the FLSA, courts are guided by *Reed v. General Motors Corporation*, in which the Fifth Circuit enumerated factors to determine whether a settlement is fair in a class action under Rule 23 of the Federal Rules of Civil Procedure.[24]  Courts, however, "adopt or vary these factors in their application in light of the special role of the Court in settlement of FLSA claims."[25] There are six factors: (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of the plaintiffs' success on the merits; (5) the range of possible recovery; and (6) the opinions of class counsel, class representatives, and absent class members.[26]

### A.   Application of the Factors

#### 1.   *The existence of fraud or collusion behind the settlement*

With respect to the "fraud or collusion" factor, there are several presumptions that guide a court's determination of whether a settlement is fair and reasonable. "[T]here is a strong presumption in favor of finding a settlement fair,"[27] and, absent evidence to the contrary, there is a presumption that no fraud or collusion occurred between counsel.[28] In light of these presumptions, however, "it is clear that the court should not give rubber-stamp approval."[29] The Court has found no indication of fraud or collusion. The parties

---

[24] *Allen*, 2016 WL 614687, at *2; *Reed v. Gen. Motors Corp.*, 703 F.2d 170, 172 (5th Cir. 1983). *See also Collins*, 568 F. Supp. 2d at 722 (noting "Rule 23 does not control FLSA collective actions, [but] many courts have adopted many of Rule 23's procedures" given the court's discretion under §216(b)).

[25] *Collins*, 568 F. Supp. 2d at 722.

[26] *Id.* (citing *Camp v. Progressive Corp.*, No. 01-2680, 2004 WL 2149079 (E.D. La. Sept. 23, 2004)).

[27] *Domingue*, 2010 WL 1688793, at *1 (internal quotations omitted).

[28] *Akins*, 2014 WL 1456382, at *2.

[29] *Id.* (quoting 4 NEWBERG ON CLASS ACTIONS §11.41 (4th ed.)).

have engaged in discovery, motions practice, and negotiations to resolve this matter. This factor indicates the settlement is fair and reasonable.

### 2. The complexity, expense, and likely duration of the litigation

The instant case has been pending more than a year and, while the discovery period has almost concluded and a five-day jury trial is set to begin September 19, 2016, there are still numerous unresolved issues, including number of hours worked and compensation due. The Court finds that the unresolved issues and the complexity of the litigation indicate the settlement is fair and reasonable.

### 3. The stage of the proceedings and the amount of discovery completed

A court will consider how much formal discovery has been completed for two reasons: (1) "extensive discovery [by the parties indicates] a good understanding of the strengths and weaknesses of their respective cases and hence that the settlement's value is based upon such adequate information," and (2) "full discovery demonstrates that the parties have litigated the case in an adversarial manner and . . . therefore . . . settlement is not collusive but arms-length."[30] The lack of much formal discovery is not necessarily fatal, however, and a court may look to informal avenues of gathering information or may approve a settlement with no formal discovery conducted.[31]

In this case, the parties have engaged in both pre-certification discovery as well as extensive "merits" discovery for the last eleven months. Supreme Service's corporate representative was deposed, and four plaintiffs were deposed. The parties have exchanged thousands of pages of documents. The Court therefore finds the parties have litigated the

---

[30] NEWBERG ON CLASS ACTIONS § 13:50 (5th ed.)
[31] *See id*; *In re Chicken Antitrust Litig. Am. Poultry*, 669 F.2d 228, 241 (5th Cir. 1982) (explaining that formal discovery is not "a necessary ticket to the bargaining table" where the parties and the court are adequately informed to determine the fairness of the settlement) (*citing In re Corrugated Container Antitrust Litigation*, 643 F.2d 195, 211 (5th Cir. 1981)).

case in an adversarial manner and are sufficiently familiar with the facts of this case to reach a fair settlement. This factor weighs in favor of finding the settlement fair and reasonable.

### 4. The probability of the plaintiffs' success on the merits

It is uncertain at this point whether Plaintiffs would be successful at trial. Defendant provided a series of affirmative defenses, including the Motor Carrier Act ("MCA") exemption to the FLSA's overtime pay requirements and prescription.[32] Defendant contended the claims of 28 Plaintiffs should be wholly barred and the claims of 59 Plaintiffs should be partially barred because Plaintiffs lack evidence of the "willfulness" required to apply the FLSA's three-year statute of limitations.[33]

Defendants asserted that the MCA exemption to FLSA's overtime pay requirements applies to 84 Plaintiffs who recorded driving across state lines vehicles in excess of 10,000 pounds.[34] Plaintiffs contested the MCA exemption citing the "covered employee" exception which allows employees whose work includes driving vehicles weighing less than 10,000 pounds to be eligible for overtime.[35]

The Court finds that given the numerous unresolved disputes between the parties and the stage at which this litigation remains, it is unclear whether Plaintiffs would be meritorious. This factor indicates the settlement is fair and reasonable.

### 5. The range of possible recovery

The settlement amounts for the majority of the putative class are based on a negotiated number of overtime hours that the Plaintiffs allegedly worked but for which

---

[32] *See* R. Doc. 21 at 9–11.
[33] R. Doc. 133-1 at 2.
[34] *Id.*
[35] *Id.*

they were not paid overtime.[36] Compromise amounts of overtime are provided for those Plaintiffs whose claims may be completely barred.[37] The Court finds that all of the agreed-upon amounts are within a range of possible recovery for the Plaintiffs, indicating the settlement is fair and reasonable.[38]

   6.   *The opinions of class counsel, class representatives, and absent class members*

   The only parties to the settlement are the Plaintiffs and Defendant Supreme Service Company, Inc. There are no "absent class members."[39] All parties are represented by counsel.[40] The parties jointly seek judicial approval of a settlement agreement that addresses a bona fide dispute and was negotiated in good faith. The parties negotiated a settlement agreement before the magistrate judge. The Court finds the final factor indicates the settlement is fair and reasonable.

   B.   Conclusion

   All six of the factors indicate the proposed settlement is fair and reasonable. Accordingly, the Court finds the proposed settlement agreement is fair and reasonable.

## CONCLUSION

   For the foregoing reasons, the Court finds the settlement agreement is both premised on a bona fide dispute and fair and reasonable.

   Accordingly;

---

[36] *Id.* at 3.

[37] *Id.* at 4.

[38] *See Collins*, 568 F.Supp. 2d at 726-27.

[39] *See LaChapelle v. Owens-Illinois, Inc.,* 513 F.2d 286, 288 (5th Cir. 1975) ("Under [29 U.S.C. § 216(b)], . . . no person can become a party plaintiff and no person will be bound by or may benefit from judgment unless he has affirmatively 'opted into' the class; that is, given his written, filed consent."); *Brown v. United Furniture Industries, Inc.,* No. 13-246, 2015 WL 1457265, at *5 (N.D. Miss. Mar. 30, 2015) ("[I]n an FLSA collective action, there are no absent class members; only those who have opted in are considered parties to the suit and bound by the results of the action.").

[40] "'The Court is entitled to rely on the judgment of experienced counsel in its evaluation of the merits of a class action settlement.'" *Lackey v. SDT Waste & Debris Servs., LLC,* No. 11-1087, 2014 WL 4809535, at *2 (E.D. La. Sept. 26, 2014) (quoting *Collins,* 568 F. Supp. 2d at 727).

**IT IS ORDERED** that the motion to dismiss Plaintiff Jarae Parker without prejudice is **GRANTED**.[41] Plaintiff Jarae Parker's claims are **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the Joint Motion to Approve Settlement is **GRANTED** and the parties' settlement agreement is **APPROVED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED WITH PREJUDICE** in accordance with the terms of the settlement agreement.

**New Orleans, Louisiana, this 17th day of June, 2016.**

_____

**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[41] R. Doc. 134.